**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMARE ARI AMEN RA NASSAR EL,

        Plaintiff,

                                      Case No. 11-11957

v.                                     Hon. Gerald E. Rosen

VIRGIL C. SMITH, JR., *et al.,*

        Defendants.

_____/

**OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTIONS TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 31, 2012_____

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

       In the present suit, the *pro se* Plaintiff, Amare Ari Amen Ra Nassar El, has

asserted a variety of federal and state-law claims against eight Defendants — including

two state court judges, two state court clerks, the Wayne County Treasurer, the Wayne

County Sheriff, a Wayne County attorney, and a private attorney — with each of these

claims evidently arising from state court tax foreclosure and landlord/tenant proceedings

brought against Plaintiff and/or his property.  Although Plaintiff's complaint and

accompanying materials are far from clear — but, to the contrary, consist largely of a

hodge-podge of references to Plaintiff's status as a "Moorish American," cut-and-paste

snippets of case law, and citations to a panoply of laws, treaties, and legal doctrines — it

appears that Plaintiff seeks to challenge the unfavorable outcomes of the two above-referenced state court proceedings.  Through the three motions presently pending before the Court, all but one of the Defendants seek the dismissal of Plaintiff's complaint on various grounds.[1]  For the reasons stated briefly below, the Court finds that these motions should be granted and Plaintiff's complaint dismissed in its entirety.

First, the moving Defendants correctly observe that most or all of Plaintiff's claims are subject to dismissal under the *Rooker-Feldman* doctrine and principles of *res judicata*. Under the *Rooker-Feldman* doctrine, the federal district courts lack jurisdiction to review claims which have been litigated and finally decided in state court.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005); *Leach v. Manning,* 105 F. Supp.2d 707, 713 (E.D. Mich. 2000).  Similarly, the doctrine of *res judicata* — also known as claim preclusion — prevents a party from relitigating claims that were previously litigated before the state courts, as well as any claims arising out of the same underlying transactions that could have been raised in the state court proceedings but were not.  *See Adair v. State of Michigan,* 470 Mich. 105, 680 N.W.2d 386, 396 (2004); *Leach,* 105 F. Supp.2d at 712-13.

Although Plaintiff's claims in this case are difficult to discern, they apparently rest

_____

[1]The private attorney named in Plaintiff's complaint, Marc D. Landau, has yet to file an answer or otherwise respond to Plaintiff's complaint.  It is doubtful whether Defendant Landau has been properly served, as the record reflects that Plaintiff sent a copy of the complaint by certified mail to Mr. Landau's place of business, which does not qualify as personal service on an individual.  *See* Fed. R. Civ. P. 4(e); *see also Abel v. Harp,* No. 03-4474, 122 F. App'x 248, 250-51 (6th Cir. Feb. 16, 2005).  In any event, the claims against Defendant Landau are subject to dismissal on many of the same grounds advanced in the remaining Defendants' motions.

in large part, if not exclusively, on the premise that the state courts ruled incorrectly in the course of the tax foreclosure and landlord/tenant proceedings referenced in the complaint. (*See, e.g.,* Complaint at ¶¶ 18, 56.)  Indeed, the bulk of the complaint's allegations are directed at events that transpired during the state court proceedings.  Yet, to the extent that Plaintiff was dissatisfied with the state courts' rulings, his recourse was to the Michigan appellate courts.  There is no indication in the record that Plaintiff has pursued any such avenues of appeal.  Rather, it appears that the state court proceedings have concluded, and the judgments of the state courts are now final.  Under these circumstances, the *Rooker-Feldman* doctrine bars Plaintiff from, in effect, seeking to appeal the adverse state court rulings before a federal district court.  *See Leach,* 105 F. Supp.2d at 713; *see also Anderson v. County of Wayne,* No. 10-13708, 2011 WL 2470467, at *4-*5 (E.D. Mich. June 20, 2011) (finding that the *Rooker-Feldman* doctrine barred the plaintiff's challenge to adverse rulings in a state court tax foreclosure suit); *Vuaai El v. Mortgage Electronic Registry System,* No. 08-14190, 2009 WL 2705819, at *8-*9 (E.D. Mich. Aug. 24, 2009) (dismissing on *Rooker-Feldman* grounds a challenge to a judgment of possession issued in state court eviction proceedings).  Similarly, under principles of *res judicata,* this Court must give full effect to the final judgments of the Michigan courts, and Plaintiff cannot relitigate any claims that were actually litigated in the state court proceedings, nor may he advance claims arising out of the same underlying transactions that he could have pursued in those proceedings.  *See Anderson,* 2011 WL 2470467, at *6; *Luckett v. US Bank National Ass'n,* No. 08-14285, 2009 WL 22858, at *4

3

(E.D. Mich. Jan. 5, 2009).

Next, the Wayne County Defendants — including the Wayne County Treasurer, the Wayne County Sheriff, and a Wayne County attorney, Richard Stanley — point out that most or all of Plaintiff's claims arising out of the state court tax foreclosure suit are barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. Under the TIA, a federal district court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. As observed in *Anderson,* 2011 WL 2470467, at *7, "the TIA bars claims challenging the manner in which tax foreclosures are carried out." Because the plaintiffs in that case "had several options" and "remedies were available under Michigan state law," the court held that the plaintiffs' various claims challenging the tax foreclosures on their homes were barred by the TIA. *Anderson,* 2011 WL 2470467, at *7. Likewise, in this case, Plaintiff's complaint is replete with allegations of purported unfairness and defects in the state court tax foreclosure proceedings. (*See* Complaint at ¶¶ 1-30.) Because there were available avenues under Michigan law for raising these challenges and objections — as evidenced by the complaint's allegations that Plaintiff did, in fact, advance these challenges and objections in the course of the state court proceedings — the TIA precludes this Court from entertaining Plaintiff's various claims arising from alleged unfairness and defects in the state court tax foreclosure proceedings.

Next, the two state court judges named in Plaintiff's complaint correctly observe

4

that they enjoy absolute immunity from federal suits for damages arising from acts they performed in their judicial capacities. *See Stern v. Mascio,* 262 F.3d 600, 606-07 (6th Cir. 2001); *Kircher v. City of Ypsilanti,* 458 F. Supp.2d 439, 446 (E.D. Mich. 2006). Although this immunity does not extend to "nonjudicial actions" or actions "taken in the complete absence of all jurisdiction," *Stern,* 262 F.3d at 607 (internal quotation marks and citation omitted), nothing in the allegations of the complaint would suggest that Plaintiff's claims against the two Defendant judges fit within either of these two limited exceptions to absolute judicial immunity. Rather, the complaint's allegations concerning these two Defendants rest solely and exclusively upon actions they allegedly took and rulings they issued in the course of the state court proceedings, acts that plainly were undertaken in a judicial capacity. Likewise, the two state court clerks named in Plaintiff's complaint are protected by quasi-judicial immunity to the extent that they "perform[] tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994); *see also Yarbrough v. Garrett,* 579 F. Supp.2d 856, 860 (E.D. Mich. 2008). Again, because the complaint's allegations concerning these individuals focus solely upon actions they allegedly took in the course of the state court proceedings, rather than actions independent from those proceedings, the two Defendant court clerks enjoy quasi-judicial immunity from the claims for damages asserted against them in this case.

Finally, in addition to these various jurisdictional and immunity-based grounds for dismissal, the moving Defendants contend more generally that Plaintiff's complaint fails

to state any viable claims upon which relief can be granted.  Even under the lenient standards governing *pro se* pleadings, Plaintiff's complaint in this case is an incomprehensible grab-bag of disjointed references to various statutes, treaties, legal doctrines, judicial rulings, and the like.  Similarly, Plaintiff has eschewed any sort of straightforward response to Defendants' motions, and instead has submitted over 70 pages of documents bearing such captions as "affidavit of fact," "writ in the nature of discovery," and "legal notice of removal."  The Court appreciates that the legal system can be difficult for a layperson to navigate, but the rules of pleading are designed to facilitate access to the courts by *pro se* litigants without the need for specialized legal training or expertise, requiring only a "short and plain statement" of the grounds for relief.  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff has made no effort to satisfy this standard, but instead appears intent on obscuring the nature of and factual basis for his claims in this case.  Moreover, he cites a litany of state and federal laws — *e.g.,* criminal statutes that do not confer a private right of action — without any attempt to allege facts that might forge a link between these laws and a viable cause of action.

Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal.  While it is evident that Plaintiff is dissatisfied with the outcome of the state court tax foreclosure and landlord/tenant proceedings, it is far less clear how he proposes to forge a link between this dissatisfaction and a viable cause of action that lies within this Court's subject matter jurisdiction.  Instead, for the reasons identified in Defendants' motions and discussed

6

above, the Court finds that Plaintiff's complaint must be dismissed.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the June 28, 2011 motion to dismiss brought by Defendants Donald Coleman and Cynthia Russ (docket #2) is GRANTED.  IT IS FURTHER ORDERED that the July 5, 2011 motion to dismiss brought by Defendants Raymond J. Wojtowicz, the Wayne County Sheriff, and Richard Stanley (docket #16) also is GRANTED.  Next, IT IS FURTHER ORDERED that the August 16, 2011 motion to dismiss brought by Defendants Virgil C. Smith, Jr. and Sheryl Redmond (docket #17) also is GRANTED.  Finally, for the reasons stated above, IT IS FURTHER ORDERED that the claims against Defendant Marc D. Landau also are DISMISSED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2012, by electronic mail and upon Amare Ari Amen Ra Nassar El, 12812 Mettetal Street, Detroit, MI 48227by ordinary mail.

s/Ruth A. Gunther
Case Manager